UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THERESA KAY ECKMAN,

    Plaintiff,

v.	Case No. 1:18-cv-658
    Hon. Gordon J. Quist

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,

_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner) which denied her claim for disabled widow's benefits (DWB).

At the outset of her decision, the ALJ set forth the issue to be decided:

> The issue is whether the claimant is disabled under section 202(e) [42 U.S.C. § 402(e)] of the Social Security Act. Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months.
>
> Other issues are whether the claimant is the widow of the deceased worker, has attained the age of 50, is unmarried (unless one of the exceptions in 20 CFR 404.335(e) apply), and has a disability that began before the end of the prescribed period. The prescribed period ends with the month before the month in which the claimant attains age 60, or, if earlier, either 7 years after the worker's death or 7 years after the widow was last entitled to survivor's benefits, whichever is later.
>
> In this case, the claimant's prescribed period began on September 30, 2013, the date the wage earner died. Therefore, the claimant must establish that her disability began on or before February 28, 2018 in order to be entitled to a disabled widow's benefits.

PageID.43-44.

Plaintiff alleged a disability onset date of March 21, 2014.  PageID.286.  Plaintiff identified her disabling conditions as:  bad back; chronic pain; anxiety; emphysema; otalgia of left ear; hoarseness or changing of voice; acute sinusitis; lung nodules; plantar fasciitis; carpal tunnel syndrome; arthritis; and fatigue.  PageID.290. Prior to applying for DIB, plaintiff completed the 12th grade and had past employment as a construction flagger, fast food cook, and assembler.  PageID.53-54, 292.  On January 4, 2018, an administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits.  PageID.43-55.  This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

> I.    **LEGAL STANDARD**

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence.  42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990).  "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).  A determination of substantiality of the evidence must be based upon the record taken as a whole.  *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only.  This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).  The fact that the record also contains evidence which would have supported a different conclusion does not

undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a

3

significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II.    ALJ's DECISION

Prior to commencing the sequential analysis, the ALJ made preliminary findings: that plaintiff is the unmarried widow of the deceased insured worker; that she has attained the age of 50; that she meets the non-disability requirements for DWB; and that the prescribed period applicable to plaintiff's claim ends on February 28, 2018. PageID.45.

Plaintiff's claim failed at the fourth step of the evaluation. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of March 21, 2014. PageID.45. At the second step, the ALJ found that plaintiff had severe impairments of chronic obstructive pulmonary disease (COPD)/emphysema and plantar fasciitis. PageID.45. At the third step, the found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.48.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except: allowance to change position every 30 minutes for one to two minutes in the immediate vicinity of the work station; no operation [sic] foot controls; occasional climbing stairs; no climbing ladders, ropes and scaffolds; occasional balancing; frequent kneeling and crouching; no crawling; frequent handling and fingering; occasional exposure to respiratory irritants; and no exposure to obvious hazards.

PageID.48. The ALJ also found that plaintiff could perform her past relevant work as an assembler, because this work did not require the performance of work-related activities precluded

by her residual functional capacity (RFC).  PageID.53.  Accordingly, the ALJ found that plaintiff has not been under a disability, as defined in the Social Security Act, from March 21, 2014 (the alleged onset date) through January 4, 2018 (the date of the decision).  PageID.54.

### III. DISCUSSION

Plaintiff's initial brief did not set forth a statement of errors as directed by the Court.[1]  Based on this filing, the Court construes plaintiff's appeal to consist of one issue:

> **Whether the ALJ accurately considered the impact of plaintiff's absences from work, thereby precluding her from gainful employment.**

PageID.685.[2]

### A. The RFC determination

Plaintiff contends that this matter should be reversed and remanded because the ALJ "failed to incorporate an analysis an [sic] assessment of whether Plaintiff can establish that she will be consistently absent from work for medical reasons for a certain number of days to support her claim for disability."  PageID.689. As an initial matter, plaintiff conflates the sequential evaluation at Steps 4 and 5, stating that "[t]he Administrative Law Judge erred at Step 5, which requires the Administrative Law Judge to determine Plaintiffs [sic] Residual Functional Capacity and to ascertain whether there are significant numbers of jobs that Plaintiff could perform.").  The ALJ did not reach Step 5 in this case, having determined at Step 4 that plaintiff could perform her past relevant work as an assembler.  To the extent plaintiff disagrees with the

---

[1] In the Notice (ECF No. 11, PageID.658) the Court ordered plaintiff to file a brief according to the following requirements: "The initial brief shall not exceed 20 pages and must contain a Statement of Errors, setting forth in a separately numbered section, each specific error of fact or law upon which Plaintiff seeks reversal or remand. Failure to identify an issue in the Statement of Errors constitutes a waiver of that issue. Motions for summary judgment are inappropriate in Social Security cases and shall not be filed." Contrary to this order, plaintiff filed the initial brief as a motion for summary judgment without a statement of errors.

[2] Plaintiff's first issue consists of a generic statement, "[w]hether the decision of the Administrative Law Judge is supported by substantial evidence."  PageID.685.

ALJ's RFC determination, she develops no arguments contesting the RFC determination. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997).  Accordingly, the Court deems this argument waived.

### B. Dr. Howard Mahabeer's opinion

Plaintiff contends that the ALJ erred because she did not accept the statement from plaintiff's treating physician, Dr. Mahabeer, that plaintiff needed to recline or lie down during an eight-hour workday, that plaintiff would miss more than three days of work per month, and that plaintiff remained limited in the use of her hands.  PageID.685.  Plaintiff further contends that the ALJ disregarded the doctor's work restrictions "without providing an explanation."  PageID.689. Plaintiff claims are without merit.

The ALJ addressed Dr. Mahabeer's opinion as follows:

> Turning to the opinion evidence, the record supports the claimant's treating physician, Howard Mahabeer, M.D. opined on March 28, 2014, that the claimant will need to recline or lie down during a eight hour workday, can walk zero blocks due to pain, needs a job which permits shifting positions at will, will need to take unscheduled breaks during an eight hour workday up to 15 minutes at a time, and can occasionally lift up to 20 pounds. (1F/3-5). He further opined that the claimant can only use her hand, finger, and arms for up to 10% of the day due to carpal tunnel syndrome and she will miss more than three days of work per month. (Id.). Dr. Mahabeer's assessment is not supported by specific analysis or explanation, but instead is a fill-in-the-blank style form. Further, his assessment that the claimant can walk zero blocks due to pain and can only use her hands up to 10% of the workday is inconsistent with the claimant's own treatment notes of record, reflecting normal upper and lower extremity strength, normal muscle tone and range of motion, and normal grasping abilities on exam. (6F/10-1 l/25/30 and 7F). Additionally, there is no explanation for why the claimant would miss up to three workdays per month and would need unscheduled breaks, despite her normal musculoskeletal exam findings or [sic] record and her minimal/mild imaging study findings (2F/15-16). For these reasons, little weight is accorded to Dr. Mahabeer's assessed limitations.

6

PageID.50-51.

While plaintiff disagrees with the ALJ's evaluation of Dr. Mahabeer's opinion, she does not address the standard for evaluating a treating physician or develop any argument in support of this position. Rather, plaintiff simply states that the ALJ disregarded the doctor's opinion without providing an explanation. Plaintiff is incorrect. The ALJ explained her reasons for giving little weight to Dr. Mahabeer's opinion: plaintiff had normal musculoskeletal exam findings; minimal/mild imaging study findings; and, the doctor's fill-in-the-blank opinion gave no explanation for why plaintiff would miss up to three workdays per month and would need unscheduled breaks. PageID.50-51. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004) (the ALJ must articulate good reasons for not crediting the opinion of a treating source). Accordingly, plaintiff's claim of error should be denied.

    **C.**    **Plaintiff's past relevant work**

A significant portion of plaintiff's brief consists of quotations of the vocational expert's (VE's) testimony. PageID.685-689. The gist of plaintiff's claim is set forth in the following paragraph:

> The Vocational Expert indicated that most employers would tolerate three absences per month. (Tr. Pg. ID 98, 74/79). Plaintiff's attorney objected because the prevailing rule is that employers will not tolerate no more than two absences per month, and that the opinion of the Vocational Expert was not supported by any documentation; it was merely the opinion of the Vocational Expert.

PageID.689. As discussed, the ALJ did not find that plaintiff would be absent from work for three days a week. However, even if the ALJ *had* found that plaintiff's limitations included three absences from work per month (as stated by Dr. Mahabeer), this limitation did not prevent plaintiff from performing her past relevant work.

To support a finding that a claimant can perform his or her past relevant work, the Commissioner's decision must explain why the claimant can perform the demands and duties of the past job as actually performed or as ordinarily required by employers throughout the national economy. *See Studaway v. Secretary of Health & Human Services*, 815 F.2d 1074, 1076 (6th Cir. 1987); 42 U.S.C. § 423(d)(2)(A) ("[a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy"). An ALJ may use a VE's services in determining whether a claimant can perform his past relevant work, *see* 20 C.F.R. § 404.1560(b)(2) (a VE "may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy"). *See Webb v. Commissioner of Social Security*, 368 F.3d 629, 632 (6th Cir. 2004) (evidence of whether a claimant possesses the capacity to perform substantial gainful activity may be produced through the testimony of a VE in response to a hypothetical question which accurately portrays the claimant's physical and mental limitations).

Here, the ALJ relied on the VE's testimony, which established that plaintiff could perform her past relevant work as an assembler. PageID.94-97. When the ALJ inquired as to "the ordinary tolerance to absenteeism", the VE responded that "employers are tolerating three days a month abscences." PageID.97-98. Plaintiff's counsel objected to the VE's testimony, stating that he has a master's degree in labor law and that "in the 50 years that I've practiced, employers have never tolerated more than two days a month." PageID.98. In response to counsel's arguments, the ALJ stated that counsel was not a vocational expert. PageID.98. Based on this record, the ALJ

8

could rely on the VE's testimony to determine that plaintiff could perform her past relevant work. Accordingly, plaintiff's claim of error should be denied.

### IV.    RECOMMENDATION

For the reasons discussed, I respectfully recommend that the Commissioner's decision be **AFFIRMED**.


Dated:  June 24, 2019                                     /s/ Ray Kent
                                                          United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).